972 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward WOLFRUM; Susan E. Wolfrum, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-2314.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward and Susan E. Wolfrum, Michigan residents, appeal pro se from a decision of the tax court affirming a determination of deficiency in their self-employment tax for the years 1984, 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Wolfrums argue on appeal that the self-employment tax interferes with their sincere religious beliefs in violation of the First Amendment, that the criteria for obtaining an exemption from the tax violate equal protection, and that they are actually entitled to a refund because certain of their property in excess of the amount contested here was seized by the I.R.S. from the possession of the National Commodity and Barter Association.
 
 
 3
 Upon consideration, it is concluded that the arguments raised do not warrant relief. The Wolfrums argue that they must personally decide on whom to expend their charity and cannot delegate this function to the government. Challenges to taxation on the ground that the expenditures violate one's religious beliefs are not allowed. See United States v. Lee, 455 U.S. 252, 260 (1982). The Wolfrums object to the differences between 26 U.S.C. § 1402(e), which provides an exemption for certain ministers, and 26 U.S.C. § 1402(g), which provides an exemption for lay members of certain sects. However, even if the difference complained of did not exist, the Wolfrums would still not qualify for the exemption at § 1402(g). Accordingly, they have not shown an injury which would be redressed by a favorable decision on this issue, and thus lack standing to raise this challenge. See Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 37-39 (1976). Moreover, the challenge itself lacks merit, as the differences in the statutes are based on rational secular grounds. See Olsen v. Commissioner, 709 F.2d 278, 283 (4th Cir.1983). Finally, the seizure of the property held by the National Commodity and Barter Association was not at issue in this case and was properly not addressed by the tax court.
 
 
 4
 Accordingly, the decision of the tax court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.